IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUAN GERONIMO PINA,<br><br>Defendant. | CR 19–11–M–DWM<br><br><br><br>ORDER |

On August 14, 2023, Defendant Juan Geronimo Pina filed a motion to reduce his 151-month federal Conspiracy to Distribute and to Possess with Intent to Distribute Methamphetamine sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 91; see Doc. 79 (Judg.).) His projected release date is June 27, 2030. See Inmate Locator, http://www.bop.gov/inmateloc (accessed Dec. 11, 2023). On August 15, 2023, counsel was appointed to represent the defendant. (Doc. 92.) Appointed counsel filed an amended motion on November 17, 2023. (Doc. 96.) The government opposes. (Doc. 99.) For the reasons stated below, the defendant's motion is denied.

## ANALYSIS

The First Step Act of 2018 gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the

1

Bureau of Prisons and the reduction: (1) is consistent with the applicable policy statements of the Sentencing Commission, (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a), and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). Thus, this Court's decision turns on whether the defendant has presented extraordinary and compelling reasons for a reduction and whether that reduction comports with the objectives of § 3553(a). *See Keller*, 2 F.4th at 1284.

Here, the defendant argues that his medical conditions and risk of exposure to COVID-19 warrant a sentence reduction. Ultimately, Pina has not established an extraordinary and compelling reason to reduce his sentence.

## I.     Exhaustion of Administrative Remedies

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Pina filed a request for relief with the warden at his facility on July 7, 2023. (*See* Doc. 91.) The warden did not respond. (*Id.* at 1.) Pina has therefore exhausted his administrative remedies as required by statute.

## II. Extraordinary and Compelling Reasons

The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason," including "medical circumstances of the defendant." U.S. Sent'g Guidelines Manual § 1B1.13(b)(1). Specific examples include circumstances where a defendant is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." *Id.* § 1B1.13(b)(1)(C). The Sentencing Commission also explains that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *Id.* § 1B1.13(d).

Pina has a history of primary hypertension, dermatitis, and is prediabetic. (PSR ¶¶ 94–98.) Pina argues that his mental health conditions exacerbate the effects of his severe physical health conditions because his diagnosed Post Traumatic Stress Disorder ("PTSD") and history of anxiety limit his ability to provide self-care while incarcerated. Pina attached medical records to his motion for compassionate release confirming these diagnoses. (*See* Doc. 98-1.) Pina's records show that he had one instance of a COVID-19 diagnosis and has since tested negative. (Doc. 98-1.) However, his records neither show that Pina's physical or mental medical conditions are not being properly treated, nor do they indicate that any of his conditions have worsened during his period of

3

incarceration. To the contrary, his medical records indicate that he is receiving "stable, chronic care." (*See* Doc. 98-1 at 4.) Pina's current health diagnoses may increase his risk of contracting COVID-19, but with the availability of vaccines and the improvements in treatment and prison conditions since the initial outbreak and subsequent lockdowns, Pina's increased risk does not rise to the level of extraordinary and compelling. In other words, Pina presents no evidence that he has suffered or is likely to suffer serious deterioration to his health or death while incarcerated.

Additionally, the record indicates that Pina's hypertension may stem from his history of methamphetamine use and that he had "chronic noncompliance" with taking his hypertension medication as instructed prior to incarceration. (PSR ¶¶ 94, 97–98.) Therefore, the evidence does not support Pina's claim that incarceration prevents him from taking better care of himself physically. Without evidence that Pina is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death," his current health issues do not rise to the level of extraordinary or compelling under the guidelines. U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(C).

Finally, Pina argues that his rehabilitation while incarcerated supports his extraordinary and compelling reason for compassionate release. Pina has

4

successfully completed rehabilitative programs and is on the waitlist for more programs. (Doc. 98-1 at 4.) While commendable, absent a primary extraordinary and compelling reason, Pina's rehabilitation alone does not warrant a sentence reduction. U.S. Sent'g Guidelines Manual § 1B1.13(d). Accordingly, Pina's hypertension and other medical conditions do not constitute an extraordinary and compelling reason to reduce his sentence.

### III.  Section 3553(a) Factors

Additionally, demonstrating an extraordinary and compelling reason to reduce a sentence meets only one element of § 3582(c)(1)(A). To determine whether relief is appropriate, a court must also consider the federal sentencing objectives set forth in 18 U.S.C. § 3553(a). Pertinent factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

Here, even assuming Pina's medical conditions are extraordinary and

5

compelling, the federal sentencing objectives do not weigh in Pina's favor. Pina actively participated in a conspiracy distributing methamphetamine in Montana. (PSR ¶¶ 19–34.) Pina was held accountable for the total amount of drugs involved in the conspiracy, approximately 17,599.81 kilograms of the converted drug weight. (*Id.* ¶ 34.) Based on this conduct, the mandatory minimum sentence was ten years to life imprisonment with an advisory guideline range of 235 to 293 months due to enhancements and Pina's extensive criminal history. (*Id.* ¶¶ 39–49, 118–119.) Despite these factors, and the significant amount of methamphetamine involved, Pina received a sentence of 151 months. (Doc. 79 (Judg.).) His existing sentence therefore already reflects a favorable consideration of his willingness to pursue treatment and his health concerns. Put simply, Pina's sentence was the lowest the Court could justify in light of his conduct. Reducing Pina's sentence or allowing for early release would denigrate the seriousness of his crimes and undermine respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A)–(C).

## Conclusion

Accordingly, IT IS ORDERED that the defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 91, 96) is DENIED.

DATED this 18th day of December, 2023.

Donald W. Molloy, District Judge
United States District Court